**SCURA, WIGFIELD, HEYER & STEVENS LLP**
1599 HAMBURG TURNPIKE
WAYNE, NEW JERSEY 07470
TELEPHONE: 973-696-8391
CHRISTOPHER J. BALALA (Attorney ID 030732010)
COUNSEL FOR THE DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Chapter 13 |
| PATRICIA GARDOCKI-SCHULTZ | Case No. 14-23200 |
| Debtor. | Hon. Donald H. Steckroth |
| | Hearing Date: August   , 2014 at __:__  Oral Argument Requested |

**DEBTOR'S MOTION FOR AN ORDER FINDING CREDITOR**
**IN VIOLATION OF AUTOMATIC STAY AND SANCTIONS**

TO:  Hon. Donald H. Steckroth, U.S.B.J.
     United States Bankruptcy Judge
     Martin Luther Kind Jr. Federal Bldg.
     50 Walnut Street, Third Floor
     Newark, New Jersey 07102

Patricia Gardocki-Schultz, the debtor in the captioned case ("Debtor"), by and through her attorneys Scura, Wigfield, Heyer & Stevens LLP, respectfully requests entry of an order finding the Barnabas Health Home Care ("Barnabas") in contempt and sanctioning the Barnabas for its violation of the provisions of the automatic stay 11 U.S.C. §362(a).

**FACTUAL BACKGROUND**

1. In support of this Motion, the Debtor's have filed a certification of Patricia Gardocki-Schultz and a certification of Christopher J. Balala. The facts of these certifications are incorporated herein by reference and collectively support the relief requested.

2. On June 27, 2014, the Debtor commenced this bankruptcy petition seeking relief pursuant to Chapter 13 of the Bankruptcy Code.

3. On July 25, 2014 the Debtor's wages from begin date July 6, 2014 through end date July 19, 2014 were garnished in the amount of $551.56.

4. On July 29, 2014 counsel for the Debtor sent a faxed letter to Barnabas advising them of the bankruptcy, to stop their collections efforts, and to return the money that was garnished. In addition, Debtor's counsel advised that failure to comply would result in suit for violation of the automatic stay and sanctions and attorneys fees and costs would be sought.

5. On July 29, 2014 counsel for the Debtor received a call from Ellen with Human Resources at Barnabas regarding the fax sent earlier in the day. Debtor's counsel advised Ellen that her employer cannot garnish wages of an active Chapter 13 debtor and asked that she return the funds. Ellen advised that she would "look into it" and get back to Debtor's counsel.

6. Counsel for the Debtor did not receive a call back from Ellen or anyone else at Barnabas.

7. On August 5, 2014 counsel for the Debtor sent another faxed letter to Barnabas advising Ellen that no one had heard from her, requesting return of the garnished funds, and advising if the Debtor's next paystub was garnished again, suit would be instituted seeking sanctions and attorney's fees for violating the automatic stay.

8. On August 8, 2014 the Debtor's wages from begin date July 20, 2014 through end date August 2, 2014 were garnished in the amount of $551.56.

9. While Barnabas continues to execute on Ms. Gardocki-Schultz's earnings despite actual knowledge of this bankruptcy case, Ms. Gardocki-Schultz is left with a diminution of her bi-weekly net pay.

10. The Debtor is scheduled to receive her next paystub on August 22, 2014.

### SUMMARY OF RELIEF REQUESTED

11. The Debtor submits this application in support of the within motion ("Motion") seeking damages stemming from the willful violation of the automatic stay by the Service pursuant to 11 U.S.C § 362(k).

### **Legal Argument**

12. The Bankruptcy Code provides that the automatic stay of an act against property of the estate continues until the property is no longer property of the estate.  11 U.S.C. § 362(c)(1).

13. The automatic stay of an act against the debtor or property of the debtor continues until the earlier of the time the case is closed, dismissed, or a discharge is granted or denied.  11 U.S.C. § 362(c)(2).

14. While motions to terminate, annul, or modify the automatic stay are specifically defined as core proceedings under 28 U.S.C. § 157(b)(2)(G), a motion brought by an individual injured by any willful violation of the automatic stay seeking to recover actual damages and, in appropriate circumstances, punitive damages, for a violation of the stay, has been viewed as being within the meaning of a core preceding, even though not explicitly listed as a type of core proceeding.  In re F/S Airlease II, Inc., 67 B.R. 428, 431 (Bankr. W.D. Pa. 1986); In re Elegant Concepts, Ltd., 67 B.R. 918 (Bankr. E.D. N.Y. 1986);

15. The filing of a bankruptcy petition stays:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was of could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §362(a)(1).

16. The failure to release a restraint upon a bank account upon notice of a debtor filing a

bankruptcy petition constitutes a willful violation of the automatic stay. In re Klein, 226 B.R. 542, 543-44 (Bankr. D.N.J. 1998).

17. In relevant part, § 362(k) provides that "an individual injured by any willful violation of a stay provided for by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

18. Damages may be awarded under § 362(k) when a creditor with knowledge that a bankruptcy petition has been filed, commits a volitional act that violates the stay. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp, 337 F.3d 314 (3rd Cir. 2003).

19. A willful violation does not require a specific intent to violate the stay. See, In re Atlantic Bus. and Community Corp., 901 F.2d 325, 328 (3d Cir. 1990) ("willful violation" requires that a defendant knew of the stay and that actions which violated stay were intentional); See also, In re Lansdale Family Restaurants, 977 F.2d 826, 829 (3d. Cir. 1992) (violation "willful" if creditor knows of the stay and takes intentional action violating it).

20. In the alternative, this Court may issue a contempt order, in the exercise of its statutory authority, 11 U.S.C. § 105(a), to enter "necessary or appropriate" orders. See, In re Del-Met Corp., 322 B.R. 781 (Bankr. M.D. Tenn. 2005).

21. Unlike § 362(k), § 105(a) does not expressly authorize any specific kind of damages. It states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

22. If contempt is present, the court may sanction the offending creditor by awarding damages and attorneys' fees to the debtor for the cost of bringing action. See, In re Clark, Williams et al. v. Clark, 91 B.R. 324, 326 (Bankr.E.D.Pa. 1988); and See, TWM Mfg. Co. v.

Dura Corp., 722 F.2d 1261, 1273 (6th Cir. 1983) ("The award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding."); Duling v. First Fed. Bank of the Midwest (In re Duling), 360 B.R. 643, 645 (Bankr. N.D. Ohio 2006) ("The sanctions imposed by a court may include an award of damages to the debtor, including reasonable attorney fees.").

23. To prevail in a civil contempt proceeding, a debtor must prove that the creditor violated a definite and specific order of the court of which the violating party had knowledge of the court's order. In re Demp, 23 B.R. 239, 240 (Bankr.E.D.Pa.1982).

24. Whether the facts of this case represent an appropriate circumstance for the imposition of punitive damages turns on the following factors that have been culled from the Restatement and the case of In re M.J. Shoearama, Inc. 137 B.R. 182, 190 (Bankr.W.D.Pa.1992) citing In re B. Cohen & Sons Caterers, Inc., 108 B.R. 482, 487 (Bankr.E.D.Pa.1989):

>   (1) the nature of the offending party's conduct;
>   (2) the nature and extent of the harm to the plaintiff;
>   (3) the nature and extent of the harm the offending party intended to cause;
>   (4) any provocation by the debtor; and
>   (5) the offending party's ability to pay damages.

25. In the case at bar, it is evident that Barnabas, with actual knowledge of the bankruptcy filing and the imposition of the automatic stay, has, for whatever reason, chosen to ignore the automatic stay.

26. Barnabas has failed to act expeditiously despite numerous requests to do so.

27. By failing to withdraw the garnishment or return the funds quickly, Barnabas has caused the Debtor to suffer financial damages.

28. Barnabas is a sophisticated creditor, most likely represented by counsel. Its actions were willful and it is reasonable to conclude that Barnabas has the ability to pay damages.

29. The Debtor believes that the acts committed by the defendant were in direct violation of

the Bankruptcy Code, 11 U.S.C. § 362(a).

30. Debtor respectfully requests that this Court find that Barnabas is in contempt of court for its violation of the automatic stay; to enter the proposed order annexed hereto awarding the Debtor the costs of bringing this Motion; and for such other and further relief as may be just.

**SCURA, WIGFIELD, HEYER & STEVENS LLP**

Dated: August 11, 2014    By**:**/s/  Christopher J. Balala
                          Christopher J. Balala, Esq.
                          Counsel to the Debtor